## Pendergrass v. Louisville & Nashville Railroad Company.

(Decided May 19, 1915.)

### Appeal from Lee Circuit Court.

1.  Boundaries—Survey.—Where the result of following the course and distance of the second line of a deed is that the other calls are ignored, the closing line and the beginning corner are never reached, the survey does not close, and, instead of following the lines of the grantor's lot, property outside thereof, which the grantor did not own, is covered by the deed; but, on the other hand, if the calls be reversed from the beginning corner and the second call ignored, the result is the closing of the survey and strict adherence to the lines of the grantor's property, it is clear

that the second call in the deed is erroneous and should not be followed.

2. Boundaries—Survey—When Question of Law.—Where the location of the lines, according to each theory of a survey, is not disputed, and the proper method of making the survey is the only question involved, the question is one of law for the court and not of fact for the jury.

3. Railroads—Grading—Damages—Evidence—Peremptory.—Where in an action to recover damages for encroachment on plaintiff's land, plat and survey on which plaintiff and his engineer predicated their evidence show conclusively that the grading was not extended beyond the limits of defendant's deed, a peremptory instruction in favor of defendant is proper.

T. B. BLAKEY and S. P. STAMPER for appellant.

WALLACE & HARRISS, B. D. WARFIELD, G. W. GOURLEY and SAM HURST for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On October 5th, 1887, David Pryse and wife conveyed to Thomas Jameson a tract of land situated in Beattyville and known in the record as the "Jameson Lot." On November 22nd, 1889, Thomas Jameson and wife conveyed to the Richmond, Nicholasville, Irvine and Beattyville Railroad Company a tract of land, which was a part of the "Jameson Lot," and which is referred to in the record as the "R. N. I. & B. Lot." When this conveyance was made the railroad company was engaged in constructing its road from Versailles to Beattyville. It completed a portion of the road between these points and operated trains thereon. Although it did considerable grading in Lee County, it did not finish the grading or put the roadbed in condition for laying tracks. A part of this grading was done on the R. N. I. & B. Lot. Afterwards the railroad became insolvent, and was placed in the hands of a receiver. Some time later its property was purchased by the Louisville & Atlantic Railroad Company, which subsequently transferred it to its present owner, Louisville & Nashville Railroad Company. Thereupon the Louisville & Nashville Railroad Company proceeded to finish the construction work commenced by the Richmond, Nicholasville, Irvine & Beattyville Railroad Company. The portion of the work so completed was over the R. N. I. & B. Lot. However, before this work was commenced Thomas Jameson and wife sold to

D. B. Pendergrass a tract of land, which was a part of the Jameson lot, and is hereinafter called the "Pendergrass Lot."

Pendergrass brought this action against the Louisville & Nashville Railroad Company for damages for alleged injuries growing out of the construction of the railroad over the R. N. I. & B. Lot. He complains that a portion of his lot, which he used as a passway, was appropriated by the defendant to its own use and the passway destroyed. He also asks damages for injuries to his dwelling, stone wall, culvert and premises, occasioned by blasting and throwing smoke, soot and cinders thereon. For the last mentioned items plaintiff was awarded damages in the sum of $100.00. The court declined to submit to the jury the question of damages to the alleged passway. Plaintiff appeals.

The only ground urged for reversal is the refusal of the trial court to submit to the jury the question of damages to the passway. The propriety of this ruling depends on whether or not defendant, in grading and constructing its roadbed over the R. N. I. & B. Lot, kept within the limits of that lot or encroached on the land of plaintiff. Pendergrass testified that his lot had been encroached on at one end about 4 feet and at the other end about 6 feet. He further stated that, according to defendant's own deed and plat of same, it had cut over and broken dirt beyond the old R. N. I. & B. right-of-way from 6 to 7½ feet. On cross-examination it developed that his opinion was based on the fact that the grading done by the R. N. I. & B. Company did not extend as far as that done by the defendant and on a survey made by Mr. L. Williams, whom he assisted. Mr. L. Williams, who made the survey, stated that the upper line of the L. & N., as at present graded, passed beyond the upper line of the deed from Jameson to the R. N. I. & B. The question, however, is not one of mere opinion, but of accurate surveying. There is in the record a plat of the Jameson Lot and of the R. N. I. & B. Lot. There is no dispute as to the location of the Jameson Lot, nor is there any dispute as to the beginning corner and the first and closing lines of the R. N. I. & B. Lot. If the second line is surveyed according to course and distance, as contended for by plaintiff, the result is that the other calls are ignored, the closing line and the beginning corner are never reached, the survey does not close, and,

instead of following the lines of the Jameson Lot, property .outside of that lot which the· grantor did not own is covered by the deed. On the other hand, if the calls be reversed from the beginning corner and the second call ignored, the result is the closing of the survey and strict adherence to the lines of the Jameson Lot. Under these circumstances, it is clear that the second call in the deed is erroneous, and, under such circumstances, proper surveying requires that that call be ignored rather than that the other calls be disregarded, the .survey not closed and land embraced in the conveyance to which the grantor had no title. Where the location of the lines, according to each theory of a survey, is not disputed, and the proper method of making the survey is the only question involved, the question is one of law for the courts and not of fact for the jury. As the sur·· vey and plat, on which plaintiff and his engineer predi·· cated their evidence, show conclusively that the northeastern boundary of the R. N. I. & B. Lot is located as contended for by defendant, and as the proof also conclusively shows that the grading was not extended beyond this line, it follows that the trial court did not err in holding, as a matter of law, that defendant did not encroach on plaintiff's lot.

Judgment affirmed.